## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEMARCO ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-390-G** |
| | ) | |
| **WORKS & LENTZ INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is a Motion to Dismiss (Doc. No. 9), filed by Defendant Works & Lentz Inc. Plaintiff Demarco Robinson has responded in opposition (Doc. No. 10), and Defendant has replied (Doc. No. 11).

### I.    Background

Plaintiff brings a single cause of action for actual and statutory damages alleging that Defendant, a debt collector, violated 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA"). *See* Am. Compl. (Doc. No. 8) ¶¶ 1, 15-16. Specifically, Plaintiff alleges that on or about February 11, 2021, he reviewed his credit report on "Credit Karma" and observed a "trade line" from Defendant of $1087 originally owed to the Norman Regional Health System ("Norman Regional"). *See id.* ¶¶ 7-9. Plaintiff disputed this debt, and Defendant was aware of the dispute. *Id.* ¶ 10. Plaintiff concedes that Defendant communicated Plaintiff's dispute to the consumer reporting agencies but alleges that Defendant did not directly or indirectly communicate Plaintiff's dispute to Norman Regional, Plaintiff's original creditor. *See id*. ¶¶ 10-12. Plaintiff therefore asserts that

Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to disclose to Norman Regional that the alleged debt was in dispute. *See id.* ¶ 15. Regarding his damages, Plaintiff states that "[Defendant's] publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff by causing Plaintiff's FICO credit score to be lowered, causing Plaintiff to be denied credit or offered credit with a higher interest rate, and has caused severe humiliation, emotional distress and mental anguish." *Id.* ¶ 13.

Defendant now moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that Plaintiff has not plausibly alleged that Defendant violated 15 U.S.C. § 1692e(8). *See* Def.'s Mot. at 3-6. Additionally, Defendant moves to dismiss this action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks Article III standing. *See id.* at 6-8.

## II.   Standard of Decision

Typically, a federal district court must address a challenge to its subject-matter jurisdiction first as the absence of subject-matter jurisdiction deprives the court of its ability to exercise authority over a case. *See Cunningham v. BHP Petrol. Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). If, however, "the jurisdictional question is intertwined with the merits of the case, the issue should be resolved under 12(b)(6)." *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." *Id.* Defendant argues here that because

Plaintiff has not alleged that Defendant violated 15 U.S.C. § 1692e(8) by publishing inaccurate information to the credit reporting services who set Plaintiff's FICO score, Plaintiff cannot plausibly allege that he has suffered a concrete injury. *See* Def.'s Mot. at 6-8. The issue of whether Plaintiff has plausibly alleged a violation of the FDCPA is therefore necessarily intertwined with Defendant's jurisdictional claim. Accordingly, the Court will review Defendant's arguments under Rule 12(b)(6).

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. *The Motion to Dismiss*

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(8) by failing to "communicate to Norman Regional Health System that the alleged debt was disputed after

multiple communications directly or indirectly during a two-month timespan."   Am.

Compl. ¶ 12.  Section 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> ….
>
> (8) Communicating or threatening to communicate to any person credit
> information which is known or which should be known to be false,
> including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

Defendant argues that the duty imposed by § 1692e(8) is limited to communications

regarding a consumer's credit information and does not require a debt collector to notify

the original creditor that the debtor disputes the debt.  *See* Def.'s Mot. at 4.  Plaintiff

responds that "once Defendant had any communication with Norman Regional Health

System and didn't convey the dispute[,] Defendant [was] in violation of the FDCPA."  Pl.'s

Resp. at 4.

Plaintiff's reading of the FDCPA is without support and is inconsistent with the

plain language of the statute.  Section 1692e(8) prohibits "[c]ommunicating or threatening

to communicate to any person *credit information* which is known or which should be

known to be false."   15 U.S.C. § 1692e(8) (emphasis added); *see Llewellyn v. Allstate*

*Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013) ("[A] debt collector does not have

an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt

*unless* the debt collector knows of the dispute and elects to report to a [credit reporting

agency].").[1]  While § 1692e(8) expressly clarifies that "the failure to communicate that a disputed debt is disputed" is an example of false credit information, that failure must occur in the course of a communication of credit information in order to be actionable.  15 U.S.C. § 1692e(8).

Plaintiff alleges here that Defendant "failed to communicate to Norman Regional Health System that the alleged debt was disputed after multiple communications directly or indirectly during a two-month timespan."  Am. Compl. ¶ 12.  Even accepting this allegation as true, it does not establish that Defendant was communicating Plaintiff's credit information to Norman Regional.  Plaintiff has failed to plausibly allege that Defendant violated the statute.

Further, Plaintiff concedes that Defendant reported the subject debt as disputed when Defendant communicated Plaintiff's credit information to credit reporting agencies. *See* Am. Compl. ¶ 10; 15 U.S.C. § 1692e(8).  There is therefore no plausible connection shown between Defendant's alleged wrongdoing, i.e., not informing Norman Regional that Plaintiff disputed the debt, and Plaintiff's alleged injuries, i.e., inaccurate and incomplete information on Plaintiff's credit report and any emotional distress and mental anguish sustained as a result of any inaccurate information on his credit report.

---

[1] "The plain language of [§ 1692e(8)] indicates that [the section] applies when a collector discloses information regarding a disputed debt to any third party, not just to a credit reporting agency."  *Hudspeth v. Cap. Mgmt. Servs., L.P.*, No. 11-CV-3148, 2013 WL 674019, at *8 (D. Colo. Feb. 25, 2013).

For these reasons, Plaintiff has failed to state a claim against Defendant for a violation of 15 U.S.C. § 1692e(8) of the FDCPA.  That being so, the Court lacks subject-matter jurisdiction over Plaintiff's FDCPA claim.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. No. 9) is GRANTED, and this action is dismissed without prejudice.  A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of September.

CHARLES B. GOODWIN
United States District Judge